## W. B. DAVIS v. THE STATE.

No. 7516.   Decided February 14, 1923.

**Transporting Intoxicating Liquor—Sufficiency of the Evidence.**
    Where, upon trial of unlawfully transporting intoxicating liquor, the evidence supported the finding of the jury that defendant was a principal actor in committing the offense, and was otherwise sufficient to support the conviction, there is no reversible error.

Appeal from the District Court of Fisher. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*W. B. Ferrell,* and *Stinson, Coombes & Brooks,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful

transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The witness McCombs saw the appellant, Singleton and Stiff leaving the town of Roby and going East on the Hamlin Road. He telephoned to the sheriff of Fisher County and a warrant was obtained to search the car in which the parties named were riding. The automobile was found by the officers in possession of the search-warrant on the road. It was out of running order and had stopped. Singleton and Stiff were at the car, as was also a mechanic who was working on it. The appellant was not there and was not seen by the officers who made the search. Twenty-four quarts of whisky were found in the car.

Singleton was used by the State as a witness and testified that he had asked the appellant if he knew where they might get some whisky; that appellant said that if he found any one having whisky to sell he would let them know. Singleton told him he wanted three gallons, and the appellant said that a boy would furnish it, but that they would have to go fifteen miles after it; that the boy would not furnish less than five gallons. Later, after waiting for the boy to appear with the whisky and his failing to do so, Singleton and Stiff got in their car, and appellant later joined them at the filling station. He stated that he did not care to ride with them through the town as it might look suspicious. After traveling a certain distance, the appellant got out of the car and Singleton and Stiff drove on. Later, according to Singleton's testimony, they were overtaken by the appellant and another party, whom Singleton had not previously seen and whom he could not identify. Quoting Singleton, he said:

"He and another party overtaken us; we stopped when they overtook us. He did not deliver anything there; he never got out of the car. We got from them six gallons of whisky; it was in tow-sacks, all I ever saw; I never opened it. As to whether they put that whisky in our car, we were coming this way and they drove up on this side of us, and when I got out and Ray got out, the driver was on this side and he got out and he handed us the stuff and we put it in our car. That was where I was having the car repaired; we were still standing there when the sheriff and his deputy came out."

Singleton said that he had given his part of the money to Stiff to pay for the whisky; that he paid fourteen dollars a gallon for it; that the only arrangements he had made to get whisky was with the appellant and that the appellant told him he was not selling whisky and did not have any.

If we properly comprehend the evidence, it supports the finding of the jury that the appellant and another person transported six gallons of whisky from some point not identified to the place where it was delivered to the witnesses Singleton and Stiff. The conversation between the appellant and the witness Singleton, in connection with

the fact that he was in company with the unidentified person described by Singleton, is sufficient to support the finding of the jury that the appellant was a principal actor in committing the offense. There is no complaint of the manner in which the issue was submitted to the jury, and on the evidence found in the record, we find no warrant for this court to disturb the verdict.

The judgment is affirmed.

*Affirmed.*